IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-00082-01-CR-W-DGK |
| | ) | |
| JASON L. ROBBINS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Motion to Dismiss Multiplicitous Counts (doc #83).

I. INTRODUCTION

A. The Superseding Indictment

On February 28, 2012, the Grand Jury returned a four count superseding indictment against defendant Robbins. The superseding indictment charges:

COUNT ONE

On or about August 19, 2009, in Kansas City, Missouri, within the Western District of Missouri, the defendant JASON L. ROBBINS, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, to wit: one Hi-Point Model C9, semi-automatic .9mm pistol, Serial Number P1476698, which had been transported in interstate commerce, contrary to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

COUNT TWO

On or about August 19, 2009, in Kansas City, Missouri, within the Western District of Missouri, the defendant JASON L. ROBBINS, knowingly possessed a stolen firearm, to wit: one Hi-Point Model C9, semi-automatic .9mm pistol, Serial Number P1476698; which had been shipped and transported in interstate commerce,

knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

### COUNT THREE

On or about May 16, 2010, in Kansas City, Missouri, within the Western District of Missouri, the defendant JASON L. ROBBINS, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, to wit: one loaded Taurus, Model PT145, Millennium Pro, .45 caliber pistol, manufactured by Taurus, Serial Number NXC01731, which had been transported in interstate commerce, contrary to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### COUNT FOUR

On or about May 16, 2010, in Kansas City, Missouri, within the Western District of Missouri, the defendant JASON L. ROBBINS, knowingly possessed a stolen firearm, to wit: one loaded Taurus, Model PT145, Millennium Pro, .45 caliber pistol, manufactured by Taurus, Serial Number NXC01731; which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

(Superseding Indictment at 1-3)

B.     The Statutes

The statutes that defendant has been charged with violating, 18 U.S.C. § 922(g)(1) and (j),[1] provide as follows:

**§ 922.  Unlawful acts**

(g)     It shall be unlawful for any person--

    (1)     who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

* * *

---

[1] 18 U.S.C. § 924(a)(2) provides the penalties for violations of 18 U.S.C. § 922(g)(1) and (j).

2

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

* * *

(j) It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C. § 922(g)(1) and (j).

## II. DISCUSSION

Defendant set forth the following argument in support of the motion to dismiss:

6. There is an absence of case law throughout the circuits addressing the precise issue raised by this motion: whether an indictment charging separate counts of felon in possession of a firearm, in violation of Section 922(g)(1), and possession of a stolen firearm, in violation of Section 922(j), are multiplicitous.[2] However, the

---

[2]Contrary to defendant's argument, in United States v. Johnson, 2008 WL 2845639 (D.S.D. July 18, 2008), a case cited by defendant Robbins in his motion, the court provided the following with respect to the defendant's argument that charges brought pursuant to 18 U.S.C. § 922(g) and (j) were multiplicitous:

In the immediate case, the indictment against Defendant includes two counts of violating 18 U.S.C. § 922[g] and one count of violating § 922(j), all involving firearms which were seized by police during the same traffic stop .... Regarding Count III of the indictment, Possession of a Stolen Firearm under 18 U.S.C. § 922(j), the Court does not believe that this charge is multiplicitous with either Count I or Count II. It alleges a violation of a different section of § 922 than the other two charges, and Defendant has provided the Court no case law and the Court has not found any that such a count under § 922(j) is multiplicitous to the counts in § 922(g). See United States v. Moye, 454 F.3d 390, 397 (4th Cir. 2006)(rejecting multiplicity argument for charges under § 922(g)(1) and § 922(j)); United States v. Buchmeier, 255 F.3d 415, 423 (7th Cir. 2001)(finding that similar charges were not multiplicitous); United States v. Romero, 122 F.3d 1334, 1337 (10th Cir. 1997)(affirming sentence for both § 922(g)(1) and § 922(j) without addressing multiplicity); United States v. Baker, 2006 WL 2092467, *3-4 (D. Kan. July 27, 2006). Therefore, the Court concludes that there is no risk of double jeopardy even if Defendant

3

>Eighth Circuit has held that separate convictions for violations of more than one classification under 18 U.S.C. 922(g) are multiplicitous when they arise from a single act of firearm possession. United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006).
>
>* * *
>
>9. The alleged crime in the instant case involves a violation of Section 922(j), as opposed to 922(g). However, the alleged violations in counts 1 and 2, as well as in counts 3 and 4, arise from a single act of possession involving the same firearm. Counts 1 and 2 arose from a single incident on August 19, 2009 and involved the same firearm, a Hi-Point Model CR, semi-automatic .9mm pistol, Serial Number P1476698. Counts 3 and 4 arose from a single incident on May 16, 2010 and involved the same firearm, a Taurus Model PT145, Millenium Pro .45 caliber pistol, Serial Number NXC01731. Because counts 1 and 2 involved the same incident of possession, the "allowable unit of prosecution" is the single act of possession. The same can be said for counts 3 and 4. Therefore, the prohibition against multiplicitous counts requires dismissal of either count 1 or count 2 and the dismissal of either count 3 or count 4, leaving only two counts on which to proceed to trial.

(Defendant's Motion to Dismiss Multiplicitous Counts (doc #83) at 3, 4-5)

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause protects against multiple punishments for the same offense. See United States v. Ervasti, 201 F.3d 1029, 1039 (8th Cir. 2000); United States v. Bell, 90 F.3d 318, 320 (8th Cir. 1996). An indictment is multiplicitous when it charges a single offense in more than one count. See United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005); United States v. Christner, 66 F.3d 922, 927 (8th Cir. 1995). "'The vice of this practice is that multiple sentences may result. Likewise, it may suggest to the jury that the defendant

---

is eventually convicted of or sentenced for Count III and one of the other counts in the indictment.

Johnson, 2008 WL 2845639 at *1.

4

committed more than one crime.'" Christner, 66 F.3d at 927 (quoting United States v. Dixon, 921 F.2d 194, 196 (8th Cir. 1990)).

The fundamental question in determining whether separate counts in an indictment are multiplicitous or the "same offense" for double jeopardy purposes is the same elements analysis of Blockburger v. United States, 284 U.S. 299 (1932). This analysis provides: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304. See Rutledge v. United States, 517 U.S. 292, 297 (1996)("[f]or over half a century we have determined whether a defendant has been punished twice for the 'same offense' by applying the rule set forth in Blockburger"); United States v. Ervasti, 201 F.3d 1029, 1039 (8th Cir. 2000); DeMier v. United States, 616 F.2d 366, 370 (8th Cir. 1980).

"Courts may not 'prescrib[e] greater punishment than the legislature intended.'" Rutledge v. United States, 517 U.S. 292, 297 (1996)(quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)). The United States Supreme Court has held that in the absence of a clear indication of contrary legislative intent, the Blockburger rule should also be used to determine whether Congress intended that two statutory offenses be punished cumulatively. See Albernaz v. United States, 450 U.S. 333, 337, 340 (1981). If each statutory provision requires proof of a fact that the other does not, it is presumed that Congress intended that a violation of these separate statutory offenses could result in the imposition of consecutive sentences. Id. at 337-39.

Within this framework, the Court will analyze defendant Robbins' contention that Counts One and Two are multiplicitous and that Counts Three and Four are multiplicitous. In order to convict defendant Robbins of the felon in possession of firearm offenses charged in Counts One and

5

Three, the government must prove that: (1) defendant Robbins had been convicted of a crime punishable by imprisonment for more than one year; (2) after that, defendant Robbins knowingly possessed a firearm; and (3) the firearm was transported across a state line at some time during or before defendant Robbins' possession of it. See Eighth Circuit Model Criminal Jury Instruction 6.18.922A (2012). In order to convict defendant Robbins of the possession of stolen firearm offenses charged in Counts Two and Four, the government must prove that: (1) defendant Robbins possessed a stolen firearm; (2) the firearm had moved in interstate commerce; and (3) defendant Robbins knew or had reason to know that the firearm was stolen. See United States v. McMillan, 346 Fed. Appx. 945, 946 (4th Cir. 2009), cert. denied, 130 S.Ct. 1159 (2010).

The charges contained in Counts One/Three and Two/Four clearly require proof of different facts. The statutes charged in Counts One/Three and Two/Four do not prohibit the "same offense" for double jeopardy purposes. Nothing has been brought to the Court's attention which would disclose a legislative intent contrary to the presumption which should be accorded to these statutes after application of the Blockburger test. Thus, the Court finds that Counts One and Two charge distinct acts and are not multiplicitous and that Counts Three and Four charge distinct acts and are not multiplicitous.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss Multiplicitous Counts (doc #83).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this

Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                     */s/ Sarah W. Hays*
                                      SARAH W. HAYS
                              UNITED STATES MAGISTRATE JUDGE